UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

JERREIL LAMOUNTA MARTIN,

                Defendant.

_____/

No. 1:22-cr-112

Hon. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Jerreil LaMounta Martin and the United States Attorney's Office for the Western District of Michigan.  The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>.  Defendant agrees to plead guilty to Counts 5 and 6 of the Indictment.  Count 5 charges Defendant with False Statement During Purchase of Firearms in violation of Title 18, United States Code, Section 922(a)(6).  Count 6 charges Defendant with Engaging in the Business of Dealing Firearms Without a License, in violation of Title 18, United States Code, Section 922(a)(1)(A).

2.    <u>Defendant Understands the Crime</u>.  In order for Defendant to be guilty of violating Title 18, United States Code, Section 922(a)(6), the following must be true: (1) that the seller was a federally licensed firearm dealer; (2) that Defendant made a false statement while acquiring a firearm from the licensed dealer; (3) that Defendant knew the statement was false; and (4) that the false statement was intended or likely to deceive the dealer with respect to any fact material to the

lawfulness of the sale of the firearm. In order for Defendant to be guilty of violating Title 18, United States Code, Section 922(a)(1)(A), the following must be true: (1) Defendant is not licensed to deal firearms, and (2) Defendant willfully engaged in the business of dealing in firearms.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3.   <u>Defendant Understands the Penalty</u>.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(a)(6), is the following: not more than 10 years of imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(a)(1)(A), is the following: not more than 5 years of imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4.   <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

2

On or about September 4, 2021, Defendant purchased a Ruger Sec9 9mm pistol, a Ruger 57 5.7 caliber pistol, a Girsan MC28SA 9mm pistol, and a Glock 23Gen5 .40 caliber pistol, from Silver Bullet Firearms, a licensed dealer of firearms in Kent County, Michigan. During the purchase of these four firearms, Defendant falsely represented on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, that Defendant was the actual buyer of the four firearms, and he was not acquiring the firearms on behalf of another person. Defendant admits that he acquired the Ruger Sec9 9mm pistol, the Ruger 57 5.7 caliber pistol, the Girsan MC28SA 9mm pistol, and the Glock 23Gen5 .40 caliber pistol on behalf of another person. Defendant does not dispute that this misrepresentation was material. Had Defendant truthfully disclosed that he was purchasing the Ruger Sec9 9mm pistol, the Ruger 57 5.7 caliber pistol, the Girsan MC28SA 9mm pistol, and the Glock 23Gen5 .40 caliber pistol on behalf of another person, Silver Bullet Firearms would have prohibited Defendant from purchasing each of these four firearms.

Defendant admits that he is not, and never has been, licensed to deal firearms. Defendant also admits that on or about September 4, 2021, after purchasing the Ruger Sec9 9mm pistol, the Ruger 57 5.7 caliber pistol, the Girsan MC28SA 9mm pistol, and the Glock 23Gen5 .40 caliber pistol from the Silver Bullet Firearms in Kent County, Michigan, he sold of each of these four firearms to another person for monetary profit. Defendant admits that he willfully engaged in the business of dealing firearms.

3

5.      <u>Dismissal of Other Counts</u>.  The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing.  Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range.  By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

6.      <u>Acceptance of Responsibility</u>.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.   Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

7.      <u>Prison Placement</u>.  The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution.  Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives

deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

8.  <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory Choose an item. penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9.  <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10.     <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of Defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a.     The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b.     The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c.     The right to confront and cross-examine witnesses against Defendant.

d.     The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.     The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.     By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or

Fifth Amendment claims, and other pretrial motions that have been filed or could
be filed.

11.     <u>The Court is not a Party to this Agreement</u>.  Defendant understands
that the Court is not a party to this agreement and is under no obligation to accept
any recommendation by the U.S. Attorney's Office or the parties regarding the
sentence to be imposed.  Defendant further understands that, even if the Court
ignores such a recommendation or imposes any sentence up to the maximum
established by statute, Defendant cannot, for that reason, withdraw his guilty
plea[s], and he will remain bound to fulfill all of his obligations under this
agreement.  Defendant understands that no one—not the prosecutor, Defendant's
attorney, or the Court—can make a binding prediction or promise regarding the
sentence Defendant will receive, except that it will be within the statutory
maximum.

12.     <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to
the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any
other federal, state or local prosecuting, administrative or regulatory authority.
This agreement applies only to crimes committed by Defendant.  This agreement
does not apply to or preclude any past, present, or future forfeiture or civil actions.

13.     <u>Consequences of Breach</u>.  If Defendant breaches any provision of this
agreement, whether before or after sentencing, the United States shall have the
right to terminate this agreement, or deny any or all benefits to which Defendant
would otherwise be entitled under the terms of this agreement.  In the event that

the United States elects to terminate this agreement, the agreement shall be

considered null and void, and the parties shall return to the same position they

were in prior to the execution of this agreement, as though no agreement ever

existed.  In such an event, Defendant shall remain liable for prosecution on all

original charges, and the United States shall be free to bring such additional

charges as the law and facts warrant.  Defendant further agrees to waive and

forever give up his right to raise any claim that such a prosecution is time-barred if

the prosecution is brought within one (1) year of the breach that gives rise to the

termination of this agreement.

    14.   <u>This is the Complete Agreement</u>.  This agreement has been entered

into by both sides freely, knowingly, and voluntarily, and it incorporates the

complete understanding between the parties.  No other promises have been made,

nor may any additional agreements, understandings or conditions be entered into

unless in a writing signed by all parties or on the record in open court.

MARK A. TOTTEN
United States Attorney

_6 OCt 2022_____    _____  Alexis Sanford for
Date                           ERIN K. LANE
Assistant United States Attorney

    I have read this agreement and carefully discussed every part of it with my
attorney.  I understand the terms of this agreement, and I voluntarily agree to
those terms.  My attorney has advised me of my rights, of possible defenses, of the
sentencing provisions, and of the consequences of entering into this agreement.  No
promises or inducements have been made to me other than those contained in this
agreement.  No one has threatened or forced me in any way to enter into this
agreement.  Finally, I am satisfied with the representation of my attorney in this
matter.

10-03-22
**Date**

JERREIL LAMOUNTA MARTIN,
Defendant

    I am Jerreil LaMounta Martin's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10-06-2022
**Date**

SEAN TILTON
Attorney for Defendant

9