UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No: 1:22-cr-112

    v.

                                        Hon. Robert J. Jonker
JERREIL LAMOUNTA MARTIN,          United States District Judge

        Defendant,
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Jerreil Martin, trafficked over 40 firearms between November 2020 and October 2021. Many of the guns that the defendant illegally trafficked were later used in crimes across Michigan. One of the firearms that the defendant purchased and sold was used to kill a two-year-old girl. The defendant now faces an advisory guidelines range of 37 to 46 months imprisonment. For the reasons set forth below, the government respectfully requests that this Court sentence the defendant at the higher end of the advisory range.

**I.    GUIDELINES CALCULATIONS**

The defendant's base offense level is 14, pursuant to U.S.S.G. § 2K2.1(a)(6). (R. 27, PSR, ¶ 26.) Six levels were added to the base offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(C) because the offense involved 45 firearms. (*Id*. at PSR ¶ 27.) Four additional levels were added pursuant to U.S.S.G. § 2K2.1(b)(5) because the defendant engaged in trafficking of firearms. (*Id*. at PSR ¶ 28.) The defendant was afforded a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (*Id*. at ¶¶ 34,35.) With a total offense level of 21 and a criminal

1

history category of I, the advisory guidelines range for imprisonment is 37 to 46 months. (PSR ¶ 63.) There are no objections to the calculated advisory guidelines range.

## II.     SIGNIFICANT CUSTODIAL SENTENCE WARRANTED

Although the defendant does not have criminal history, the extraordinarily egregious and pervasive nature and circumstances of his criminal conduct in this case compel a sentence at the higher end of the advisory guidelines. The defendant straw purchased 45 firearms in less than one year. He was running an illegal gun trafficking business, charging customers $50 to $100 per firearm to lie on the purchase forms that he was buying the guns for himself when he was purchasing them for other people. (R.27, PSR, ¶¶19, 23.) The defendant knew that his customers were not able to buy guns for themselves. (*Id*. at ¶23.) He also knew some of his customers were reselling guns to other people. (*Id*. at ¶18.) This did not deter him.

The whereabouts of almost all the guns that the defendant straw purchased and trafficked remains unknown. Thirteen of the firearms that the defendant purchased were later recovered by police. (R.27, PSR, ¶2.) Several the firearms that the defendant trafficked were used in violent crimes. Two months after the defendant purchased a Glock 9mm pistol, this gun was used to shoot an 11-year-old child. (*Id*.) Three months after the defendant purchased another Glock 9mm pistol, this gun was recovered inside of the apartment of a homicide victim. (*Id*.) Six months after the defendant purchased a Ruger 5.7 caliber pistol, that gun was used to kill a two-year-old girl in Wyoming, Michigan. (*Id*.) Wyoming homicide detectives discovered that the murder weapon used to kill the two-year-old was purchased by the defendant at Silver Bullet Firearms. (R.27, PSR, ¶11.) Detectives interviewed the defendant about the gun. (*Id*. at ¶12.) They informed the defendant that his pistol was used to kill a two-year-old. (*Id*.) The defendant eventually admitted that he bought the gun for a friend and an unknown male. (*Id*.) In a later interview with the ATF,

the defendant admitted that the purchased the gun for "Simeon," a friend of "Dontay." (*Id*. at ¶19.) Even after being informed that a firearm he purchased and illegally trafficked was used to kill a two-year-old, the defendant did not stop his illegal gun business. In July 2022, he returned to Silver Bullet Firearms with a man, later identified as a 4-time convicted felon with 15 prior arrests. (R.27, PSR, ¶16.) The defendant attempted to buy a firearm for this convicted felon and was only stopped when Silver Bullet employees told him that they suspected he was a straw purchaser and no longer allowed to purchase firearms from their store. (*Id*. at ¶20.)

The defendant may urge this Court for leniency and may request a downward because of his lack of criminal history. Any such request should be denied. The defendant was able to act as a straw purchaser of firearms preciously because he did not have any felony convictions which would prohibit his purchasing of firearms from a licensed firearm dealer. He capitalized on his non-prohibited status by buying 45 firearms in less than one year and illegally selling these guns for a small monetary profit, without any regard for the future victims of the guns he pumped into the black market. Simply put, the defendant should not now benefit from the cornerstone of his illegal gun trafficking business.

This defendant has earned a significant custodial sentence. It is necessary to instill in the defendant respect for the law, to deter him from future criminal conduct, deter others from similar actions, and to protect the public from future crimes he may choose to commit.

## CONCLUSION

The Government respectfully asks this Court imposing a sentence at the higher end of the recommended guidelines range.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: January 17, 2023

*/s/ Erin K. Lane*
ERIN K. LANE
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI  49501-0208
(616) 808-2088

4