UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 1:22-cr-112

v.                                              Hon. Robert J. Jonker
                                                          United States District Judge

JERREIL LAMOUNTA MARTIN,

        Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF MOTION FOR DOWNWARD VARIANCE**

On January 23, 2023, Jerreil Lamounta Martin will stand before this Honorable Court to be sentenced for false statements during purchase of firearms in violation of 18 U.S.C. § 922(a)(6) and engaging in the business of dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Mr. Martin has received the Presentence Investigation Report (PSR) and met with counsel to discuss it. (ECF No. 27; PageID.78). Mr. Martin has no outstanding objections to the PSR. He is requesting a sentence below his advisory sentencing guideline range and concurs with the presentence writer's analysis in paragraph 82 of the PSR.

Overall, as the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentencing "sufficient, but not greater than necessary" to comply with the four (4) purposes set forth in § 3553(a)(2):

        **§ 3553. Imposition of a sentence.**

        **(a)    Factors to be considered in imposition of a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…

18 U.S.C. § 3553(a)(2).

In *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006), the Court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals regardless if that sentence is probation, time served, a mandatory minimum sentence, the statutory maximum, or somewhere in between.

Jerreil Lamounta Martin is 25 years old and remorseful for committing this offense. Mr. Martin has no prior arrests, convictions, or allegations of other criminal conduct. (ECF No. 27, PageID.93, PSR ¶¶ 39-45). There are no allegations that he used the firearms in any other offenses. Mr. Martin apologizes to the victims of this offense and his family for his conduct. Mr. Martin pleaded guilty in a timely manner and has accepted responsibility. He participated in the presentence interview. He told the presentence writer why he committed the offense, described his remorse, and the consequences of the offense on himself and the victims. When first confronted by law enforcement, he consented to a search of his phone and made incriminating statements. (ECF No. 27, PageID.83-86, PSR ¶¶ 12-13). When Mr. Martin was interviewed a second time by law enforcement, he made additional incriminating

statements and consented to another search of his phone.  (ECF No. 27, PageID.91, PSR ¶¶ 17-19).  Mr. Martin regrets committing this offense and has set goals for the future.  Mr. Martin has been on bond in this case since August 24, 2022.  He has been working and has not had any reported violations.

Mr. Martin has a supportive family.  His brother and maternal siblings are all employed in the medical field.  Mr. Martin has been living with his mother in Flint, Michigan, since his arrest.  While living with his mother, he has been working full-time at McDonald's.  Mr. Martin was raised by his mother.  His father was not actively in his childhood and they rarely have contact now.  Mr. Martin had a stable home and childhood and relied significantly on his mother.  When Mr. Martin moved to Grand Rapids, he was using a lot of marijuana and had inconsistent employment.  Mr. Martin began purchasing guns for other people as a way to supplement his income.  He regrets his choices.  Mr. Martin began working at Valley City Linen in July 2022.  He worked there until his arrest.

Mr. Martin believes that this offense was a wakeup call.  He has many career and personal interests, including designing clothing and games.  Prior to this offense, he did not apply himself sufficiently to his interests or his goals.  He is now looking at his future with a sense of urgency.  He intends to take steps to attain his goals.  He is now looking to the examples set by his siblings and listening to advice from his family.  He has maintained employment since September 2022.  He wants to learn a trade and is specifically interested in becoming a welder.

Mr. Martin remains optimistic about his future.  He has the potential for rehabilitation which he has shown by his lack of prior criminal history.  He intends to remain law abiding in the future.

**Downward Variance**

Mr. Martin requests the Court vary downward from the advisory sentencing guideline range.  He does not believe that the advisory guideline range takes into consideration the unique facts and circumstances of his case.  Mr. Martin has no prior arrests or convictions and no other pending cases.  He is in criminal history category I.  Mr. Martin has a supportive family.  The letters of support suggest that his actions in committing this offense were out of character. (Attachment 1).  Mr. Martin has expressed remorse for his actions.  He has pleaded guilty and participated in the presentence process.  He has been employed and compliant with the terms of his bond.  He apologizes to anyone victimized or negatively affected by the firearms that he purchased.  Mr. Martin has been deterred from future criminal conduct and intends to remain law abiding in the future.

For all these reasons, Mr. Martin respectfully requests that the Court vary downward.

**Conclusion**

Jerreil Lamounta Martin prays this Honorable Court sentence him sufficiently, but not greater than necessary, to achieve the goals of sentencing.  He thanks the Court for its time in considering his circumstances and this case.

                                                Respectfully submitted,

                                                SHARON A. TUREK
                                                Federal Public Defender

Dated:  January 17, 2023                /s/ Sean R. Tilton
                                                SEAN R. TILTON
                                                Assistant Federal Public Defender
                                                50 Louis, NW, Suite 300
                                                Grand Rapids, MI  49503
                                                (616) 742-7420